# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**LINDA A. HAMPTON, PLAINTIFF,**

v.

**REMIGIO SEGURA, in his capacity of court reporter and individually DEFENDANT.**

CIVIL NO. __1:05CV329-M-D__

**FILED**
**DEC 14 2005**
ARLEN B. COYLE, CLERK
By/_____
Deputy

## COMPLAINT

**COMES NOW** the Plaintiff, Linda A. Hampton, and files this her complaint pursuant to 42 U.S.C. Section 1983 to remedy Defendant's conduct carried out under the color of state law depriving Plaintiff of rights and privileges secured and protected by the Constitution and laws of the United States including the fourth, fifth, sixth, eight and fourteenth amendments. In support of her complaint, Plaintiff will show the Court the following, *to-wit*:

Plaintiff alleges:

### DEFENDANT

1. Remigio Segura may be served at 205 East Main St., Carthage, MS 39051.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 42 U.S.C. Section 1983.

4. Venue is proper in the Northern District of Mississippi as the claim arose in the Northern District of Mississippi.

1

## STATEMENT OF RELEVANT FACTS

Sheriff Walter Coburn, was the first African American to be elected sheriff of Winston County, Mississippi in the November 2003 general election. On January 2, 2004 summons was served upon Sheriff Coburn demanding that he appear and defend against an election contest on April 26, 2004. Plaintiff was retained by Sheriff Coburn to represent him in this matter. Circuit Court Reporter Remigio Segura served as court reporter during the trial court proceedings.

On April 26, 2004 Sheriff Coburn and Plaintiff appeared at the Winston County Courthouse as demanded in the summons. The courthouse was locked. Sheriff Coburn and Plaintiff waited in the Sheriff Department for most of the day in anticipation of the trial. Neither the judge nor the contestant appeared. The courthouse was closed in observance of Confederate Memorial Day. No trial was conducted. No order of continuance was ever entered. Another summons was not issued.

Subsequently the trial court judge set a motion hearing for August 27, 2004. The trial court issued several orders setting a motion hearing, however none of the orders commanded Sheriff Coburn or Plaintiff to appear and they did not appear. The trial court judge then set a second hearing for September 3, 2004 to hear motions and to sanction Plaintiff. Sheriff Coburn and Plaintiff were subpoenaed and ordered to be and appear at that hearing.

Upon the opening of the court at the September 3rd hearing Plaintiff protested and objected to the proceedings, however Plaintiff was ordered to proceed. During the proceeding Plaintiff read from a prepared statement that had been filed with the Winston County Circuit Court Clerk. Plaintiff was prosecuted and adjudged guilty of criminal

contempt by the trial court judge for violating order(s) to appear at the August 27, 2004 hearing. Plaintiff was sentenced to jail and ordered to pay thousands of dollars for the contestant's attorney and witness fees as well as the court reporter costs for their attendance at both the August 27th and September 3rd hearings. After being convicted, fined and sentenced to jail, Plaintiff was ordered to proceed with Sheriff Coburn's abandoned motions or be held in further contempt. Plaintiff did as ordered.

Plaintiff filed an appeal of her criminal contempt conviction with the Mississippi Supreme Court. Defendant prevented Plaintiff from obtaining accurate transcripts relevant to her appeal. The transcripts produced by Defendant Remigio Segura were completed and filed with the Winston County Circuit Court Clerk on December 14, 2004. In January 2005 Plaintiff reviewed the transcripts and became aware of material alterations of the court transcript record and false statements contained therein. Plaintiff filed criminal charges of altering court records and perjury against the Defendant.

The appeal of Plaintiff's criminal conviction is presently pending before the Mississippi Supreme Court. Prior to the forwarding of the trial court record to the Mississippi Supreme Court, both the Winston County Circuit Court and the Mississippi Supreme Court were made aware of the material alterations and false statements contained within the transcripts records. Corrections were not allowed and were never made in the record.

Plaintiff now files her civil claims against the Defendant with this Court.

## FACTUAL ALLEGATIONS

### I.

a. Defendant, a government official, acted under color of state law to deprive plaintiff of her constitutional right to liberty, due process, and a fair trial when he altered and submitted false written statements into Plaintiff's criminal court record in order to prevent Plaintiff from having an accurate trial court record on appeal to the Mississippi Supreme Court and to secure an affirmation of plaintiff's conviction from the Mississippi Supreme Court. Defendants' acts constituted an obstruction of justice and due administration of the law.

b. Defendant's written statements were false writings of a defamatory nature and were injurious to Plaintiff's reputation.

c. These acts were done maliciously and intentionally.

d. Defendant's acts did cause plaintiff to suffer damage to her reputation as well as to her physical, emotional, social and financial well-being.

### II.

Plaintiff suffered injury from the malicious and intentional acts of the Defendant. These acts were administered under color of state law and in violation of plaintiff's constitutional and statutory right to fair and just tribunal where Plaintiff is entitled to make a proper and accurate trial court record in her criminal prosecution.

### III.

a. Defendant's acts caused Plaintiff to be deprived of her rights secured by the Constitution of the United States' fourth, fifth, sixth, eight, and fourteenth amendments, U.S.C. Section 1983, and M.C.A. Sections 97-11-1, 97-9-59 and 97-1-1. Defendant's

actions constituted an obstruction of justice and due administration of the law to which Plaintiff was entitled.

b. Defendant's acts were done with malice and intent.

c. Defendant's acts were designed to oppress and inflict emotional distress upon Plaintiff.

d. Defendant's acts caused plaintiff to suffer damage to her reputation as well as to her physical, emotional, social and financial well-being.

## VI.

## CAUSE OF ACTION

Through the actions described in paragraphs I – III above, the defendant, under color of state law published false injurious statements that deprived plaintiff of rights and privileges secured and protected by the Constitution and laws of the United States.

Defendants' actions were malicious and intentional. Defendant's acts were designed to oppress and inflict emotional distress upon Plaintiff. The actions of the defendants caused plaintiff to suffer damage to her reputation as well as to her physical, emotional, social and financial well-being.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

a. order the named defendant to pay plaintiff $150,000 in compensatory damages;

b. order the named defendant to pay plaintiff punitive damages for his malicious and intentional acts;

c. order the named defendant to pay plaintiff's reasonable attorney fees;

d. order that a jury trial be had in this matter;

e. order such other appropriate relief as the interests of justice may require.

f. order declarative and/or injunctive relief demanding that the Defendant correct the portions of Plaintiff's transcript that have been altered and submitted in the way of false statements.

Respectfully submitted on this the 14th day of December, 2005.

                                                              LINDA A. HAMPTON
                                                              PLAINTIFF

                                                              */s/ Linda A. Hampton*
                                                              LINDA A. HAMPTON, PRO SE

HAMPTON & ASSOCIATES LAW OFFICE
P.O. BOX 99
DEKALB, MS 39328
TELEPHONE: 601-743-4855
FAX: 601-743-4853